IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| ALFREDO C. MICHEL, Register No. 1005390, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08-4074-CV-C-SOW |
| ) | |
| DAVID DORMIRE, et al., ) | |
| ) | |
| Defendants. ) | |

**REPORT, RECOMMENDATION AND ORDER**

On April 9, 2008, plaintiff filed this case under 42 U.S.C. § 1983, alleging that his health is being seriously endangered by a lack of medical treatment for chronic tuberculosis.[1] Although plaintiff has had three or more cases dismissed as frivolous, malicious, or for failure to state a claim, he was granted leave to proceed in forma pauperis under the "imminent danger" clause of 28 U.S.C. § 1915.

Defendants Hardman and Baker answered plaintiff's complaint and filed a motion to dismiss for plaintiff's failure to exhaust his administrative remedies prior to filing suit. Plaintiff responded to the motion and asserts that because his IRR and grievance were denied, he knew his grievance appeal would also be automatically denied. Thus, plaintiff acknowledges in his response that he had not exhausted his administrative remedies at the time he filed suit.[2]

Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Exhaustion of all administrative remedies as set forth by the Missouri Department of Corrections Offender Grievance Procedures must be completed prior to

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

[2]Documents submitted by defendants indicate plaintiff filed a grievance appeal on March 26, 2008.

a prisoner filing suit. See Johnson v. Jones, 340 F.3d 624, 628 (8th Cir. 2003) (dismissal is required under section 1997e(a) if an inmate has failed to exhaust all available administrative remedies *prior* to filing suit). When multiple prison conditions claims have been joined, the plain language of section 1997e(a) requires that all available prison grievance remedies must be exhausted as to all claims on which a prisoner is seeking relief. Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000) (per curiam). Exhaustion of all administrative remedies means that a prisoner must use all steps that the Department of Corrections requires and must follow such steps properly. Woodford v. Ngo, 548 U.S. 81 (2006) (section 1997e(a) requires proper exhaustion of administrative remedies). A prisoner must complete the administrative review process in accordance with applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court. Id.

Here, plaintiff had not exhausted his administrative remedies at the time he initiated this suit, and defendants' motion will be recommended granted.

The court notes plaintiff has requested X-rays to be taken of his lungs, appointment counsel to represent him, an extension of time to proceed with this case, production of documents, stay of the court's ruling on the motion to dismiss, and leave to amend. Plaintiff's request for X-rays by an outside facility is for court proceedings and not for the purpose of obtaining immediate medical treatment. The court does not have funds available to assist litigants in obtaining evidence[3] and plaintiff has not indicated he has funds to pay for the medical procedures. Further, it does not appear from plaintiff's pleadings that he will be in serious danger from a delay occasioned by the exhaustion of his administrative remedies, particularly since the grievance appeal process was instituted approximately two months ago and should be nearing completion very soon. Because plaintiff has not exhausted his administrative remedies on his claims, his motions for leave to amend and for production of documents involving these same claims are without merit. Plaintiff's pending motions will be denied, without prejudice to reconsideration if the case is not dismissed by the district court for failure to exhaust

---

[3]Plaintiff appears to believe the defendants will not provide his X-rays during discovery, but will provide the X-rays of someone who does not have a lung disease.

2

administrative remedies. Plaintiff's request to stay this court's order on the motion to dismiss is without merit and is denied.

Accordingly, it is

ORDERED that plaintiff's May 29, 2008 motion to stay ruling on motion to dismiss is denied. [25] It is further

ORDERED that plaintiff's motions for production of documents, for leave to amend, for a court-ordered lung X-ray, for appointment of counsel and for an extension of time are denied, without prejudice. [27, 26, 9, 15, 29, 19]

RECOMMENDED that defendants' motion of May 12, 2008, to dismiss for failure to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e, be granted. [12]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 3rd day of June, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge