IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

|  |  |  |
|---|---|---|
| ALFREDO C. MICHEL, Register No. 1005390, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-4074-CV-C-NKL |
| | ) | |
| DAVID DORMIRE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

      On June 3, 2008, United States Magistrate Judge William A. Knox recommended that the motion of defendants Hardman and Baker to dismiss for failure to exhaust administrative remedies be granted. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C).

      The court has conducted a de novo review of the record, including the subsequent filings submitted by plaintiff. The issues raised in plaintiff's pleadings were adequately addressed in the report and recommendation. The court is persuaded that the recommendation of the Magistrate Judge is correct and should be adopted.

      Further, because plaintiff's claims against defendant Dormire involve the same unexhausted claims as those against defendants Hardman and Baker, defendant Dormire's motion to dismiss for failure to exhaust is also granted.

      Inmates who file an appeal with the United States Court of Appeals for the Eighth Circuit are required to pay the full $455.00 appellate filing fee, regardless of the outcome of the appeal. Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997). The filing of a notice of appeal is considered a consent by the inmate to allow prison officials to deduct an initial partial appellate filing fee and later installments from the prisoner's account.

      On July 9, 2008, plaintiff filed a notice of exhaustion of administrative remedies, including a copy of grievance appeal he received on June 18, 2008. If plaintiff wishes to pursue his now-exhausted claims, he may refile the claims as a new case; but cannot proceed in the

instant case based upon exhaustion completed after the original filing of the complaint in this case. Exhaustion of all administrative remedies as set forth by the Missouri Department of Corrections Offender Grievance Procedures must be completed prior to a prisoner filing suit. See Johnson v. Jones, 340 F.3d 624, 628 (8th Cir. 2003) (dismissal is required under section 1997e(a) if an inmate has failed to exhaust all available administrative remedies *prior* to filing suit).

On July 3, 2008, plaintiff filed a motion for appointment of counsel. Based on the foregoing, plaintiff's motion for appointment of counsel is denied. Likewise, plaintiff's motions for leave to amend his claims from state malpractice to deliberate indifference, to see an independent doctor, and for discovery, and defendants' motions to stay discovery are denied as moot.

On July 3, 2008, the Honorable Scott O. Wright signed an order adopting the June 3, 2008 report and recommendation of Judge Knox. This case is assigned to the undersigned and due to a clerical error, was sent to Judge Wright for review. Judge Wright's order and the Clerk's Judgment are, therefore, vacated.

IT IS, THEREFORE, ORDERED that the July 3, 2008 order of the Honorable Scott O. Wright and the Clerk's Judgment are vacated. [59, 60] It is further

ORDERED that defendants' motions to stay discovery and plaintiff's motions for leave to amend, to see an independent doctor and for discovery are denied as moot. [35, 37, 52, 54, 55] It is further

ORDERED that plaintiff's motion for appointment of counsel is denied. [61] It is further

ORDERED that the Report and Recommendation of June 3, 2008, is adopted. [34] It is further

2

Case 2:08-cv-04074-NKL    Document 63    Filed 08/11/08    Page 2 of 3

ORDERED that defendants' motions to dismiss for failure to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e, are granted and plaintiff's claims are dismissed, without prejudice. [12, 42]

/s Nanette K. Laughrey

NANETTE K. LAUGHREY
United States District Judge

Dated: August 8, 2008
Jefferson City, Missouri